ORIGINAL

1  JONATHAN E. NUECHTERLEIN
   General Counsel
2
   CONNOR SHIVELY (WA Bar No. 44043)
3  cshively@ftc.gov
   RICHARD McKEWEN (WA Bar No. 45041)
4  rmckewen@ftc.gov
   Federal Trade Commission
5  915 Second Ave., Suite 2896
   Seattle, WA 98174
6  Phone: 206-220-6350/Fax: 206-220-6366

7  LOCAL COUNSEL
   RAYMOND E. McKOWN (CA Bar No. 150975)
8  rmckown@ftc.gov
   Federal Trade Commission
9  10877 Wilshire Blvd., Suite 700
   Los Angeles, CA 90024
10 Phone: 310-824-4343/Fax: 310-824-4380

11 Counsel for Plaintiff
   FEDERAL TRADE COMMISSION
12

13          UNITED STATES DISTRICT COURT
            CENTRAL DISTRICT OF CALIFORNIA
14

15

16 **FEDERAL TRADE COMMISSION,**        SACV15·01672 JVS (DFMx)

17        **Plaintiff,**                 Civ. No.: _____

18    —v.—                               **COMPLAINT FOR PERMANENT**
                                         **INJUNCTION AND OTHER**
19 **BAM FINANCIAL, LLC,** a California   **EQUITABLE RELIEF**
      Limited Liability Company, also
20    doing business as **West and**
      **Associates, Chelsea & Associates,**
21    and **Chelsea Financial;**

22 **EVERTON FINANCIAL, LLC,** a
      California Limited Liability
23    Company, also doing business as
      **West and Associates;**
24

25 FTC v. BAM Financial, LLC          1
   Complaint

FEDERAL TRADE COMMISSION
915 Second Ave., Suite 2896
Seattle, WA 98174
206-220-6350

FILED
CLERK, U.S. DISTRICT COURT

OCT 19 2015

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

1

2
**LEGAL FINANCIAL CONSULTING, LLC**, a California Limited Liability Company, also doing business as **West and Associates Services**;

3

4
**LUIS O. CARRERA**, also known as Luis O. Carrera-Cavero;

5

6
and

7
**ROBERTO LLAURY**,

8
     **Defendants.**

9

10

11
Plaintiff, the Federal Trade Commission ("FTC"), for its Complaint alleges:

12
    1.     The FTC brings this action under Sections 13(b) of the Federal Trade

13
Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Section 814 of the Fair Debt

14
Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*, to obtain temporary,

15
preliminary, and permanent injunctive relief, rescission or reformation of contracts,

16
restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other

17
equitable relief for Defendants' acts or practices in violation of Section 5(a) of the

18
FTC Act, 15 U.S.C. § 45(a), and the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, in connection

19
with Defendants' deceptive and abusive debt collection activities.

20
                       **JURISDICTION AND VENUE**

21
    2.     This Court has subject matter jurisdiction over this action pursuant to

22
28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a), 53(b), and 1692*l*.

23

24

25
FTC v. BAM Financial, LLC
Complaint

               2

3.      Venue is proper in this District under 28 U.S.C. §§ 1391 (b)(l), (b)(2), (c)(l), (c)(2), and (d), and 15 U.S.C. § 53(b).

### PLAINTIFF

4.      The FTC is an independent agency of the United States Government created by statute.  15 U.S.C. §§ 41 *et seq*.  The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce.  The FTC also enforces the FDCPA, 15 U.S.C. §§ 1692 *et seq*., which prohibits abusive, deceptive, and unfair debt collection practices.

5.      The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and the FDCPA, and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies.  15 U.S.C. §§ 53(b), 56(a)(2)(A), and 1692*l*(a).  Section 814 of the FDCPA further authorizes the FTC to use all of its functions and powers under the FTC Act to enforce compliance with the FDCPA, including the power to enforce the provisions of the FDCPA in the same manner as if the violations were violations of an FTC trade regulation rule. 15 U.S.C. § 1692*l*.

### DEFENDANTS

6.      Defendant **BAM Financial, LLC** ("BAMF"), also doing business as **West and Associates**, **Chelsea & Associates**, and **Chelsea Financial**, is a California limited liability company created in February 2011, with a business address of 2101 Business Center Dr., Suite 215, Irvine, CA 92612.  Defendant BAMF transacts or has transacted business in this District and throughout the United States.

FTC v. BAM Financial, LLC
Complaint

3

FEDERAL TRADE COMMISSION
915 Second Ave., Suite 2896
Seattle, WA  98174
206-220-6350

7.     Defendant **Everton Financial, LLC** ("Everton"), also doing business as **West and Associates**, is a California limited liability company created in January 2015, with a registered business address of 2101 Business Center Dr., Suite 215, Irvine, CA 92612.  Defendant Everton transacts or has transacted business in this District and throughout the United States.

8.     Defendant **Legal Financial Consulting, LLC** ("Legal Financial"), also doing business as West and Associates Services, is a California limited liability company created in June 2013, with registered business addresses of 2081 Business Center Dr., Suite 215, Irvine, CA 92612 and 2101 Business Center Drive, Suite 215, Irvine, CA 92612.  Defendant Legal Financial transacts or has transacted business in this District and throughout the United States.

9.     Defendant **Luis O. Carrera** ("Carrera"), also known as **Luis O. Carrera-Cavero**, is the president and CEO of Defendant BAMF, and the CEO and managing member of Defendant Everton.  At all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Defendants BAMF, Everton, and Legal Financial, including the acts and practices set forth in this Complaint.  Defendant Carrera resides in this District and, in connection with the matters alleged herein, transacts or has transacted business in this District and throughout the United States.

10.     Defendant **Roberto Llaury** ("Llaury") is the president and CEO of Defendant Legal Financial, and a managing member of Defendant Everton.  At all times material to this Complaint, acting alone or in concert with others, he has

FTC v. BAM Financial, LLC
Complaint

4

FEDERAL TRADE COMMISSION
915 Second Ave., Suite 2896
Seattle, WA  98174
206-220-6350

formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Defendants BAMF, Everton, and Legal Financial, including the acts and practices set forth in this Complaint. Defendant Carrera resides in this District and, in connection with the matters alleged herein, transacts or has transacted business in this District and throughout the United States.

## COMMON ENTERPRISE

11.     Defendants BAMF, Everton, and Legal Financial (collectively, "Corporate Defendants") have operated together as a common enterprise in conducting the business practices described in this Complaint. The Corporate Defendants are interrelated companies that have common ownership, officers, managers, and business functions. They do business under similar fictitious names, and they currently share the same business address. Rental payments for an additional business location have been paid out of both the BAMF and Legal Financial business accounts. BAMF and Legal Financial have employed several of the same staff, share the same certified public accountant, and purchase debt portfolios from the same company. Individual defendants Carrera and Llaury are the primary recipients of funds flowing to and between BAMF and Legal Financial. Because these Corporate Defendants have operated as a common enterprise, each of them is jointly and severally liable for the acts and practices alleged below. Individual Defendants Llaury and Carrera have formulated, directed, controlled, or had authority to control, or participated in the acts and practices of the Corporate Defendants that comprise the common enterprise. The common enterprise transacts or has transacted business in

FTC v. BAM Financial, LLC
Complaint

5

FEDERAL TRADE COMMISSION
915 Second Ave., Suite 2896
Seattle, WA  98174
206-220-6350

this District and a substantial part of the events or omissions giving rise to the claims occurring herein have occurred in this District.

## COMMERCE

12.     At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS ACTIVITIES

13.     Defendants are third-party debt collectors that purchase portfolios of old past-due consumer debt, primarily credit card debt that has been charged off by the credit card issuer.  Defendants attempt to collect on that debt by contacting consumers over the telephone, by mail, and over the Internet.

14.     Since at least 2011, Defendants have regularly engaged in abusive and deceptive acts or practices in an effort to extract money from consumers around the country.

15.     Defendants' initial contact with consumers is usually by telephone. Defendants' debt collectors call consumers and tell them that they owe Defendants substantial sums of money for an outstanding debt.  Typically these are credit card debts that may be as much as ten years old.

16.     In numerous instances, Defendants have called consumers repeatedly or continuously with the intent to annoy, harass, or abuse.  For example, Defendants have: (i) continued to call consumers and their family members even after being told to stop; (ii) called multiple times per day or frequently over an extended period of time; and (iii) called the consumers' places of employment, even though the collectors

FTC v. BAM Financial, LLC
Complaint

6

FEDERAL TRADE COMMISSION
915 Second Ave., Suite 2896
Seattle, WA  98174
206-220-6350

1 know or should know that it is inconvenient for them to receive calls there. In one

2 case, after the consumer disclosed that she worked for a government agency and asked

3 not to be contacted at work through a public number, Defendants immediately called

4 her employer's main office number and asked for the consumer's supervisor's name

5 and number and left a message.

6      17.    In many cases, Defendants have used obscene or profane language or

7 language the natural consequence of which is to abuse the hearer, in an attempt to

8 coerce consumers into paying them. For example, Defendants told one consumer's

9 mother that "no wonder your daughter is in such a predicament with a mother like

10 you." In another instance, Defendants told the consumer that he was "obviously …

11 not a genius" because he answered the Defendants' calls at work. Defendants told

12 another consumer that they would "come after her a**," and another that she was

13 lying and should "shut up."

14      18.    Defendants also frequently have claimed that they are law enforcement,

15 lawyers, members of a law firm, or working with a law firm, when in fact, they are

16 not.

17      19.    Defendants have routinely sent consumers a form letter titled

18 "LITIGATION NOTICE" with a reference line of "CHELSEA AND ASSOCIATES

19 vs. [CONSUMER]" or "BAM FINANCIAL vs. [CONSUMER]" or "WEST AND

20 ASSOCIATES vs. [CONSUMER]." The letter also contains multiple other false

21 threats and misrepresentations. For example, the letter states that the consumer must

22 contact the Defendants within 10 days or "litigation will be commenced immediately."

23 The letter also states that the consumer will be required to pay 10% interest on the

24

25   FTC v. BAM Financial, LLC             7
  Complaint

1   unpaid balance of the judgment, as well as "attorneys fees, court costs, and processing

2   fees."   And in these letters, Defendants warn that other adverse action will be taken

3   against consumers, including wage garnishment, levy on the consumer's bank

4   accounts or safe deposit box, liens on real or personal property and suspension of real

5   estate, contractor, or driver's license.

6         20.   In their telephone calls to consumers, Defendants also have used false

7   threats and other means of intimidation to try to coerce consumers into paying them.

8   For example, Defendants have falsely threatened consumers with lawsuits, or falsely

9   asserted that a lawsuit has already been filed against the consumer.

10         21.   In fact, after Defendants have threatened legal action, Defendants usually

11   have not filed any such action to collect the debt.  In addition, because they have not

12   filed an action, obtained a judgment, and received an award of costs, Defendants

13   cannot hold the consumer liable for any expenses or legal fees that they incur.

14         22.   In numerous instances, Defendants have falsely threatened consumers

15   with arrest or incarceration if the consumer refuses to pay.  In one instance,

16   Defendants told a consumer's 84 year-old mother that they had a warrant out for her

17   daughter's arrest, and later told the consumer they were bounty hunters who would

18   arrange for the sheriff to serve her.  Defendants have also falsely threatened to report

19   consumers to government authorities and falsely threatened the loss of child custody if

20   the consumer refuses to pay.

21         23.   Defendants have called consumers and employers, and falsely claimed to

22   be process servers seeking an address at which the consumer may be served with legal

23   process in connection with an action against the consumer.

24

25   FTC v. BAM Financial, LLC                    8                    FEDERAL TRADE COMMISSION
     Complaint                                                        915 Second Ave., Suite 2896
                                                                     Seattle, WA  98174
                                                                     206-220-6350

24.     On many occasions, Defendants also have telephoned consumers' family members and told them that the consumer is delinquent on a debt and that the consumer will suffer adverse consequences if the consumer fails to make a payment.

25.     In addition, in their initial and in their subsequent communications with consumers, Defendants have frequently failed to identify themselves as debt collectors.

26.     In their initial communications with consumers, Defendants also have frequently failed to disclose that information obtained from the consumer will be used for debt collection purposes.

27.     And in numerous instances, Defendants have failed to provide consumers within five days after the initial communication with a statutorily-required written notice – where the information was not contained in the initial communication and the consumer had not paid the debt – setting forth: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer disputes the debt, the debt will be assumed valid; and (4) a statement that if the consumer disputes all or part of the debt in writing within 30 days, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.  In numerous instances, Defendants have refused to provide consumers with this notice despite consumers' repeated requests, and as a result, consumers have not been informed about their statutory right to dispute the validity of a debt.

FTC v. BAM Financial, LLC
Complaint

9

FEDERAL TRADE COMMISSION
915 Second Ave., Suite 2896
Seattle, WA  98174
206-220-6350

28.     Defendants also have continued their collection efforts even after consumers have called into question the legitimacy of the debts, without investigating and verifying that the consumers in fact owe the debt, or owe the amount claimed. For example, in one instance, Defendants sent the consumer, a service member, a "Litigation Notice" and falsely threatened to take action against him under the Uniform Code of Military Justice even though the consumer told Defendants he was the victim of identity theft and that the debt had been paid in full.  In another instance, Defendants threatened to take everything the consumer owned, despite the fact that the consumer told Defendants that she had never received any information or notice regarding the debt and that she had called the original creditor who had no record of an account in her name.  When she requested that Defendants provide verification of the debt, Defendants refused.

29.     In these and other instances, Defendants have failed to review information substantiating the debt or its amount, or have failed to consider the consumers' challenges regarding the debt, prior to continuing collection.

## VIOLATIONS OF SECTION 5 OF THE FTC ACT

30.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

31.     Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

## COUNT I

32.     In numerous instances, in connection with the collection of consumer debts, Defendants have represented to consumers or third parties, directly or

FTC v. BAM Financial, LLC
Complaint

10

FEDERAL TRADE COMMISSION
915 Second Ave., Suite 2896
Seattle, WA  98174
206-220-6350

1  indirectly, expressly or by implication, that the consumer owes a debt that the

2  Defendants have the legal authority to collect.

3      33.    In truth and in fact, in numerous instances in which the Defendants have

4  made the representations set forth in Paragraph 32 of this Complaint, these

5  representations have been false, or Defendants have not had a reasonable basis for the

6  representations at the time they were made, including, but not limited to, where

7  consumers have already challenged or attempted to challenge the validity or accuracy

8  of the purported debt and Defendants have failed to review information substantiating

9  the amount of debt, or have failed to consider the consumers' challenges, prior to

10  continuing collection.

11      34.    Therefore, Defendants' representations set forth in Paragraph 32 of this

12  Complaint constitute deceptive acts or practices in violation of Section 5(a) of the

13  FTC Act, 15 U.S.C. § 45(a).

14                            **COUNT II**

15      35.    In numerous instances, in connection with the collection of consumer

16  debts, Defendants have represented to consumers or third parties, directly or

17  indirectly, expressly or by implication, that:

18          a.      Defendants' collection agents are process servers seeking to serve

19                  the consumer with pleadings or legal papers pertaining to a lawsuit

20                  filed against the consumer;

21          b.      Defendants' collection agents are lawyers, members of a law firm,

22                  working with a law firm, or members of law enforcement;

23

24

25  FTC v. BAM Financial, LLC                    11                    FEDERAL TRADE COMMISSION
    Complaint                                                          915 Second Ave., Suite 2896
                                                                       Seattle, WA  98174
                                                                       206-220-6350

c.     Nonpayment of the consumer's debt will result in the consumer's arrest or a specific adverse action by the government, or in the seizure, garnishment, or attachment of the consumer's property or wages; or

d.     Defendants have filed, or intend to file imminently, a lawsuit against the consumer.

36.     In truth and fact, in numerous instances in which Defendants have made the representations set forth in Paragraph 35 of this Complaint,

a.     Defendants' collection agents are not process servers, are not working with process servers, and are not seeking to serve the consumer with pleadings or legal papers pertaining to a lawsuit filed against the consumer;

b.     Defendants' collection agents are not lawyers, members of a law firm, working with a law firm, or members of law enforcement;

c.     Nonpayment of a purported debt will not result in the consumer's arrest or a specific adverse action by the government, or in the seizure, garnishment, or attachment of the consumer's property or wages; and

d.     Defendants have not filed, and do not intend to file imminently, a lawsuit against the consumer.

37.     Therefore, Defendants' representations, as set forth in Paragraph 35 of this Complaint, are false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

FTC v. BAM Financial, LLC
Complaint

12

FEDERAL TRADE COMMISSION
915 Second Ave., Suite 2896
Seattle, WA  98174
206-220-6350

# VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

38.     In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, which became effective on March 20, 1978, and has been in force since that date. Section 814 of the FDCPA, 15 U.S.C. § 1692*l*, provides that a violation of the FDCPA shall be deemed an unfair or deceptive act or practice in violation of the FTC Act.

39.     Throughout this Complaint, the term "consumer," as defined in Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), means "any natural person obligated or allegedly obligated to pay any debt."

40.     Throughout this Complaint, the term "debt" as defined in Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5), means "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

41.     Defendants are "debt collectors," as the term is defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6) — "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debt, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

## COUNT III

### Misrepresentations in Violation of the FDCPA

42.     In numerous instances, in connection with the collection of debts or purported debts, Defendants, directly or indirectly, expressly or by implication, have

FTC v. BAM Financial, LLC
Complaint

13

FEDERAL TRADE COMMISSION
915 Second Ave., Suite 2896
Seattle, WA 98174
206-220-6350

used false, deceptive, or misleading representations or means, in violation of Section

807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to:

     a.    Falsely representing the character, amount, or legal status of a

          debt, in violation of Section 807(2)(A) of the FDCPA, 15 U.S.C.

          §1692e(2)(A);

     b.    Falsely representing or implying that an individual is an attorney or

          that a communication is from an attorney, in violation of Section

          807(3) of the FDCPA, 15 U.S.C. § 1692e(3);

     c.    Falsely representing or implying that nonpayment of a debt will

          result in arrest or imprisonment of a person or seizure,

          garnishment, or attachment of a person's property or wages, when

          such action is not lawful or when Defendants have no intention of

          taking such action, in violation of Section 807(4) of the FDCPA,

          15 U.S.C. § 1692e(4);

     d.    Threatening to take action that Defendants do not intend to take,

          such as reporting consumers to law enforcement agencies for

          failing to pay Defendants or initiating a lawsuit, in violation of

          Section 807(5) of the FDCPA, 15 U.S.C. § 1692e(5);

     e.    Using false representations or deceptive means to collect or

          attempt to collect a debt or to obtain information concerning a

          consumer, in violation of Section 807(10) of the FDCPA, 15

          U.S.C. § 1692e(10), including, but not limited to,

FTC v. BAM Financial, LLC
Complaint

14

FEDERAL TRADE COMMISSION
915 Second Ave., Suite 2896
Seattle, WA  98174
206-220-6350

i.   false representations that a debt collector is a process server; or

ii.   false representations that a debt collector is a bounty hunter.

f.   Failing to disclose in the initial communication with a consumer that Defendants are debt collectors attempting to collect a debt and that any information obtained will be used for that purpose, and failing to disclose in subsequent communications that the communication is from a debt collector, in violation of Section 807(11) of the FDCPA, 15 U.S.C. § 1692e(11).

## COUNT IV

### Prohibited Communications with Third Parties

43.   In numerous instances, in connection with the collection of debts, Defendants have communicated with third parties for purposes other than acquiring location information about a consumer, without having obtained directly the prior consent of the consumer or the express permission of a court of competent jurisdiction, and when not reasonably necessary to effectuate a post-judgment judicial remedy, in violation of Section 805(b) of the FDCPA, 15 U.S.C. § 1692c(b).

## COUNT V

### Failure to Notify Consumers of Their Right
### to Dispute and Obtain Verification

44.   In numerous instances, in connection with the collection of debts, Defendants have failed to provide consumers, either in the initial communication with the consumer or on a written notice sent within five days after the initial communication, with statutorily-required information about the debt and their right to

FTC v. BAM Financial, LLC
Complaint

15

FEDERAL TRADE COMMISSION
915 Second Ave., Suite 2896
Seattle, WA  98174
206-220-6350

dispute and obtain verification of their debts, in violation of Section 809(a) of the FDCPA, 15 U.S.C. § 1692g(a).

## COUNT VI

### Harassing, Oppressing, or Abusive Conduct

45.     In numerous instances, in connection with the collection of debts, Defendants have engaged in conduct the natural consequence of which is to harass, oppress, or abuse a person, in violation of Section 806 of the FDCPA, 15 U.S.C. § 1692d, including, but not limited to:

    a.    Using obscene or profane language or language the natural consequence of which is to abuse the hearer or reader, in violation of Section 806(2) of the FDCPA, 15 U.S.C. § 1692d(2);

    b.    Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, in violation of Section 806(5) of the FDCPA, 15 U.S.C. §1692d(5); and

    c.    Placing telephone calls without meaningful disclosure of the caller's identity, in violation of Section 806(6) of the FDCPA, 15 U.S.C. § 1692d(6).

## CONSUMER INJURY

46.     Consumers have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act and the FDCPA.  In addition, Defendants have been unjustly enriched as a result of their unlawful acts or practices.

FTC v. BAM Financial, LLC
Complaint

16

FEDERAL TRADE COMMISSION
915 Second Ave., Suite 2896
Seattle, WA  98174
206-220-6350

1   Absent injunctive relief by this Court, Defendants are likely to continue to injure

2   consumers, reap unjust enrichment, and harm the public interest.

3   **THIS COURT'S POWER TO GRANT RELIEF**

4         47.    Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and Section 814(a) of

5   the FDCPA, 15 U.S.C. § 1692*l*(a) empowers this Court to grant injunctive and such

6   other relief as the Court may deem appropriate to halt and redress violations of any

7   provision of law enforced by the FTC.  The Court, in the exercise of its equitable

8   jurisdiction, may award ancillary relief, including rescission or reformation of

9   contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten

10  monies, to prevent and remedy any violation of any provision of law enforced by the

11  FTC.

12  **PRAYER FOR RELIEF**

13  WHEREFORE, Plaintiff FTC, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. §

14  53(b), and Section 814(a) of the FDCPA, 15 U.S.C. §1692*l*(a), and the Court's own

15  equitable powers, requests that the Court:

16        A.    Award Plaintiff such preliminary injunctive and ancillary relief as may be

17             necessary to avert the likelihood of consumer injury during the pendency

18             of this action and to preserve the possibility of effective final relief,

19             including but not limited to temporary and preliminary injunctions, an

20             order freezing assets, immediate access to Defendants' business

21             premises, and appointment of a receiver;

22        B.    Enter a permanent injunction to prevent future violations of the FTC Act

23             and the FDCPA by Defendants;

24

25  FTC v. BAM Financial, LLC          17                FEDERAL TRADE COMMISSION
       Complaint                                     915 Second Ave., Suite 2896
                                                   Seattle, WA  98174
                                                     206-220-6350

C.    Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act and the FDCPA, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and

D.    Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Respectfully submitted,

JONATHAN E. NUECHTERLEIN
General Counsel

Dated:  October 19, 2015

CONNOR SHIVELY
RICHARD McKEWEN
RAYMOND E. MCKOWN

Attorneys for Plaintiff
Federal Trade Commission

FTC v. BAM Financial, LLC
Complaint

18

FEDERAL TRADE COMMISSION
915 Second Ave., Suite 2896
Seattle, WA  98174
206-220-6350